IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Khammesherma Smith,<br><br>            Plaintiff,<br><br>vs.<br><br>Lt. Thomas, Lt. Dalton, Ofc. Pounds, Ofc. Long,<br><br>            Defendants. | Case No.: 6:23-cv- 3717-JD-KFM<br><br>**ORDER AND OPINION** |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  (DE 16.)  Plaintiff Khammesherma Smith ("Plaintiff" or "Smith"), a state prisoner in the custody of the South Carolina Department of Corrections ("SCDC") housed at McCormick Correctional Institution and proceeding *pro se*, brought this action under 42 U.S.C. § 1983 alleging Defendants Lt. Thomas, Lt. Dalton, Ofc. Pounds, Ofc. Long (collectively "Defendants"), violated his Eighth Amendment rights as well as the Federal Rules of Evidence, federal regulations, and state laws.  (DE 1.)

Plaintiff contends that the Defendants attacked him and blocked his phone call to the South Carolina Law Enforcement Division ("SLED") on two occasions.  (DE 1 p. 5.)  Plaintiff contends that the attacks occurred in 2022 and 2023 at Kirkland Correctional Institution and the Gilliam Psychiatric Hospital.  (Id. at 5.)  He further contends that Defendants harassed him and assaulted

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

him as well as neglected his ailments. (Id.) Plaintiff's alleged injuries include emotional distress and unspecified bodily injuries. (Id. at 6.) For relief, Plaintiff seeks money damages. (Id.)

Before the Court is Plaintiff's Motion to Proceed *in forma pauperis*. (DE 2.) Smith is a prisoner under the definition of 28 U.S.C. § 1915A(c), and he "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Consequently, even if Smith had prepaid the full filing fee, the Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) it seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A. Accordingly, the Magistrate Judge conducted a pre-screening of this matter and, on October 16, 2023, issued the Report recommending denial of Plaintiff's Motion for Leave to Proceed in forma pauperis (DE 2) because Plaintiff has received more than three strikes[2] under 28 U.S.C. § 1915(g).

The Report was issued on October 16, 2023, recommending Plaintiff's Motion to proceed *in forma pauperis* be denied. (DE 16.) Plaintiff has not objected to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept

---

[2] Plaintiff has more than three actions that were dismissed under grounds that qualify as strikes under 28 U.S.C. § 1915(g). See Smith v. Dalton, et al., No. 6:22-cv-02207-RMG, 2022 WL 17543000 (D.S.C. Dec. 8, 2022); Smith v. Palmer, et al., No. 6:22-cv-02385-RMG, 2022 WL 17414231 (D.S.C. Dec. 5, 2022); Smith v. Campbell, et al., No. 6:22-cv-02384-HMH, at DE 31 (D.S.C. Dec. 2, 2022); Smith v. Logan, et al., No. 6:22-cv-02667-HMH, 2022 WL 14763210 (D.S.C. Oct. 25, 2022); Smith v. Tobey, et al., No. 6:22-cv-02666-HMH, 2022 WL 4466696 (D.S.C. Sept. 26, 2022); Smith v. The S.C. Dep't of Corrs., et al., No. 6:22-cv-01433-HMH, 2022 WL 4276983 (D.S.C. Sept. 15, 2022), aff'd, C/A No. 22-7123, 2023 WL 2204432 (4th Cir. Feb.24, 2023); Smith v. Cooke No. 3:22-cv-02136-HMH, 2022 WL 3969591 (D.S.C. Aug. 31, 2022), aff'd C/A No. 2022-7071, 2023 WL 2204437 (4th Cir. Feb. 24, 2023).

the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Therefore, the Court adopts the Report (DE 16) and incorporates it herein by reference.

It is, therefore, **ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (DE 2) is denied, and Plaintiff shall have twenty-one days from the date of this Order to submit the required filing fee; if the filing fee is not submitted within this timeframe, the Clerk of Court shall close this case without further order of this Court.

**IT IS SO ORDERED**.

        _s/ Joseph Dawson, III_
        Joseph Dawson, III
        United States District Judge

Florence, South Carolina
December 11, 2023

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.